UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELVIN ADIEL AMAYA-CARTAGENA,<br><br>                    Petitioner,<br><br>         v.<br><br>STATE OF WASHINGTON,<br><br>                    Respondent. | Case No. C18-0878-JCC-MAT<br><br>REPORT AND RECOMMENDATION |

Petitioner Melvin Amaya is currently being detained by Immigration and Customs Enforcement ("ICE") at the Northwest Detention Center in Tacoma, Washington pending removal proceedings. He has submitted to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner indicates in his petition that he is seeking to challenge a 2004 King County Superior Court judgment and sentence, apparently on the grounds of ineffective assistance of counsel. (*See* Dkt. 1 at 1, 5.) The sections of the § 2254 petition form which request information regarding prior court proceedings were left blank by petitioner, suggesting that petitioner has never attempted to challenge his conviction in the state courts.

Section 2254(a) provides that a federal court may entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

REPORT AND RECOMMENDATION
PAGE - 1

custody in violation of the Constitution or laws or treaties of the United States." The United States Supreme Court has interpreted this statutory language as requiring that a federal habeas petitioner be "in custody" under the conviction or sentence under attack at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-491 (1989). Once a petitioner's sentence has fully expired, he is precluded from challenging that sentence because he is no longer "in custody" for purposes of federal habeas review. *Id.*; *Brock v. Weston*, 31 F.3d 887, 889-90 (9th Cir. 1994). Petitioner indicates in his petition that he was sentenced on June 10, 2004 to a term of 12 years, 9 months confinement for the conviction he seeks to challenge. It appears likely that that sentence has now fully expired. As petitioner is apparently no longer in custody on the conviction he seeks to challenge, his petition is not eligible for federal habeas review.

The Court notes as well that petitioner gives no indication in his petition that he has ever attempted to challenge his 2004 King County conviction in the state courts. A state prisoner is required to exhaust all available state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). As it appears clear from the face of the petition that petitioner has not properly exhausted any claim for relief in the state courts, his petition is not eligible for federal habeas review.

REPORT AND RECOMMENDATION
PAGE - 2

Based on the foregoing, this Court recommends that petitioner's petition for writ of habeas corpus and this action be dismissed, with prejudice, for lack of jurisdiction. This Court further recommends that petitioner's motion for an emergency stay of deportation pending disposition of this petition be stricken as moot.[1]

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within

---

[1] The Court notes that it does not appear that petitioner's deportation is imminent. Petitioner submitted a petition for writ of habeas corpus under 28 U.S.C. § 2241 on the same date as he presented the instant petition. Petitioner indicates in his § 2241 petition that he is currently in removal proceedings. *See Amaya-Cartagena v. Nielsen, et al.*, C18-879-JCC-JPD. As it appears clear that petitioner is not currently subject to a final order of removal, his deportation is not likely imminent.

REPORT AND RECOMMENDATION
PAGE - 3

**fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 13, 2018**.

DATED this 18th day of June, 2018.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4